**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 0 6 2021 ★

BROOKLYN OFFICE

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In re: GEICO DATA BREACH LITIGATION | MDL No. _____

## MOTION TO TRANSFER AND CENTRALIZE RELATED
## ACTIONS FOR CONSOLIDATION OR COORDINATION OF
## PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Defendants/Movants, Government Employees Insurance Company, GEICO Indemnity Company, GEICO Casualty Company and GEICO General Insurance Company (collectively, "GEICO"), respectfully move for an order transferring and centralizing all currently filed related actions concerning the purported data breach incident that occurred on GEICO's website to the Eastern District of New York or, in the alternative, the District of Maryland, or such other district the Panel may deem suitable, for consolidated or coordinated pretrial proceedings as a Multidistrict Litigation ("MDL") pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

GEICO states the following in support of this MDL application:

1.     To date, five proposed national class actions have been brought on behalf of persons who allege that they were impacted by fraudsters' unauthorized access to GEICO's online sales system between January 21, 2021 and March 1, 2021 (the "Incident").

2.     The Incident occurred when fraudsters used personal information, obtained from other sources, to impersonate individuals on GEICO's online sales system in an apparent effort to obtain the impersonated individuals' driver's license numbers ("DLN"). The fraudsters' use of the personal information already in their possession to exploit GEICO's online sales application may have resulted in unauthorized access to DLN information of individuals who were not GEICO

customers, as well as some present and former customers of GEICO.[1]  Approximately 85% of individuals believed to be potentially impacted are in New York.

3.      As set forth in the Schedule of Related Actions submitted with GEICO's supporting memorandum of law, three of the proposed national class actions are pending in the Eastern District of New York, one action is pending in the Southern District of California, and one action is pending in the District of Maryland, Southern Division (the "Related Actions").   GEICO anticipates that additional actions may be filed as individual and proposed class actions concerning the Incident.

4.      Transfer and centralization of the Related Actions will further the goals of 28 U.S.C. § 1407 by conserving judicial and party resources, reducing costs, and preventing inconsistent pretrial rulings. In addition, centralization will further the goal of ensuring the just and efficient conduct of these actions.

5.      The Related Actions are all in the same or substantially similar procedural posture. The three actions filed and pending in the Eastern District of New York have been designated as related actions and assigned to the Honorable Kiyo A. Matsumoto (the "New York Actions"). Plaintiffs in *Mirvis, Butler and Forelich v. Berkshire Hathaway, Inc. and Government Employees Insurance Company (a/k/a GEICO)*, No. 21-CV-02210 (KAM)(RLM) (Eastern District of New York) and *Brody v. Berkshire Hathaway Inc and Government Employees Insurance Company*, No. 21-CV- 02481 were permitted to voluntarily dismiss the claims that they initially asserted against Berkshire Hathaway Inc. ("BHI") in their respective complaints. BHI was similarly voluntarily

---

[1] *See* Lee Mathews, Hackers Stole Customers' License Numbers From Geico In Months-Long Breach,      FORBES      (Apr.      20,      2021,      11:57      A.M.      EDT), https://www.forbes.com/sites/leemathews/2021/04/20/hackers-stole-customers-license-numbers-from-geico-in-months-long-breach/?sh=146576a68658 (last visited May 6, 2021).

dismissed from the Maryland action, and was not a named party in the other Related Actions. Accordingly, BHI is no longer a party in any of the Related Actions.

6.      Consistent with local practice and Judge Matsumoto's individual rules, on June 11, 2021, GEICO filed individual letters in each of the New York Actions to address GEICO's request for a stay of each action pending determination of this MDL application. Judge Matsumoto ordered that the parties respond to GEICO's stay request in advance of a pre-motion conference on June 24, 2021. In response, plaintiffs' counsel in each New York Action expressed support for coordination of the Related Actions and consented to the stay of the New York Actions pending the determination of this MDL application.

7.      At the Court's June 24, 2021 pre-motion conference, the unsuccessful efforts by plaintiffs' counsel to seek unanimity to informally coordinate the Related Actions were discussed. As a result, plaintiffs' counsel in the three New York Actions informed the Court that they support the transfer and centralization sought in this application. The Court therefore granted the stay of the New York Actions, on consent, and directed GEICO to file this application no later than July 6, 2021, which it has now done.

8.      The Court entered a Docket Text Order following the conference confirming these rulings and the New York Actions are therefore stayed pending this application.   GEICO anticipates similarly seeking a stay of the Maryland and California Related Actions, pending hearing and determination of this application.

9.      No responsive pleadings or dispositive motions have been filed and no discovery has been conducted in any of the Related Actions. Centralization will therefore allow a single judge to efficiently resolve common legal and factual issues and streamline both merits and class certification discovery.

10.     Given the nationwide scope of the Related Actions and that there are thousands of potentially impacted individuals across the country, as well as the reality that electronic discovery is equally accessible regardless of forum, each of the districts in which actions are pending are suitable transferee districts.  However, transfer to the Eastern District of New York would allow the Panel to transfer the actions to the District where the majority of the cases are currently pending (before the same Judge).  Moreover, the vast majority of those individuals believed to be potentially impacted by the Incident are in New York.

11.     Alternatively, the District of Maryland is consistent with the location of GEICO's principal place of business and will therefore provide a convenient forum for potential witnesses with knowledge relating to the purported Incident, including GEICO's data practices, investigation and response to the Incident.  Moreover, currently favorable docket conditions exist in either of these Districts.

12.     This motion is further based on the Memorandum of Law, Schedule of Actions and Dockets and Complaints, which are being filed in support of this motion.

WHEREFORE, Defendants/Movants respectfully request that the Panel order that the Related Actions, as well as any case that may be subsequently filed asserting related or similar claims, be transferred to the Eastern District of New York or the District of Maryland, or any other district the Panel may deem best equipped to preside over this matter, for consolidated or coordinated pretrial proceedings.

Dated:   June 29, 2021

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino
Kristen L. Wenger
Smith, Gambrell & Russell, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6100 (telephone)
(904) 598-6200 (facsimile)
jmarino@sgrlaw.com
kwenger@sgrlaw.com

Shari Lewis
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11550
(516) 357-3000 (telephone)
(516) 357-3333 (facsimile)
shari.lewis@rivkin.com

*Attorneys for Government Employees
Insurance Company, GEICO Indemnity
Company, GEICO Casualty Company and
GEICO General Insurance Company*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re: GEICO DATA BREACH LITIGATION | MDL No. _____

**MEMORANDUM IN SUPPORT OF DEFENDANTS/MOVANTS'
MOTION TO TRANSFER AND CENTRALIZE RELATED
ACTIONS FOR CONSOLIDATION AND COORDINATION
OF PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants/Movants Government Employees Insurance Company, GEICO Indemnity Company, GEICO Casualty Company and GEICO General Insurance Company (collectively "GEICO"), respectfully submit this Memorandum in Support of their Motion for Transfer and Centralization of the five related proposed national class actions (the "Related Actions")[1] to the Eastern District of New York.

## BACKGROUND

GEICO announced a data security incident in April of 2021 (the "Incident"). The Incident occurred between January 21, 2021 and March 1, 2021. The Incident occurred when fraudsters, using personal information obtained from other sources, exploited GEICO's online sales system by impersonating individuals in an apparent effort to gain unauthorized access to the impersonated individuals' driver's license numbers ("DLN").

The Incident involved unauthorized access to GEICO's online sales systems that may have affected the DLNs of individuals including non-customers, and some present and former

---

[1] *See* Attachment 2, Schedule of Related Actions, for a listing of the five Related Actions.

customers of GEICO.[2]   Approximately 85% of those individuals believed to be potentially impacted are in New York.

As of the date of this filing, at least five related proposed national class actions have been filed against GEICO in three separate federal district courts.[3]   The Related Actions name GEICO entities as defendants as indicated in the Schedule of Related Actions annexed as Attachment 2. Some of the Related Actions named additional Defendant Berkshire Hathaway, Inc. ("BHI"), but the claims that were asserted against BHI have been voluntarily dismissed.[4]   As a result, the GEICO entities are the sole defendants named in the Related Actions.

Each of the Related Actions purport to assert claims on behalf of individuals residing in the United States whose personal information was allegedly compromised or stolen in the Incident. Plaintiffs allege that GEICO failed to safeguard their personal information, specifically their DLN, from unauthorized access, in violation of consumer protection statutes, contracts, and common law duties.

In each of the Related Actions, Plaintiffs allege that Defendants have disregarded Plaintiffs' and proposed class members' rights by intentionally, willfully, and recklessly failing to take adequate and reasonable measures to ensure its data systems were protected, failing to

---

[2] *See* Lee Mathews, Hackers Stole Customers' License Numbers From Geico In Months-Long Breach, FORBES (Apr. 20, 2021, 11:57 A.M. EDT), https://www.forbes.com/sites/leemathews/2021/04/20/hackers-stole-customers-license-numbers-from-geico-in-months-long-breach/?sh=146576a68658 (last visited May 6, 2021).

[3] A copy of the Complaint and the docket, as of the date of the filing of this motion, for each of the Related Actions are attached.  *See* Attachment 4, Docket and Complaint, dated April 21, 2021, for *Mirvis*; Attachment 5, Docket and Complaint, dated May 4, 2021, for *Brody*; Attachment 6, Docket and Complaint, dated May 6, 2021, for *Viscardi*; Attachment 7, Docket and Complaint, dated April 23, 2021, for *Vennerholm*; and Attachment 8, Docket and Complaint, dated May 11, 2021, for *Connelly*.

[4]  The claims against BHI were voluntarily dismissed, without prejudice, on May 29, 2021 in *Mirvis*; on June 8, 2021 in *Brody*; and on June 21, 2021 in *Connelly*.

take available steps to prevent and stop the Incident from ever happening, and failing to timely disclose to those affected the fact that Defendants did not have adequate computer systems and security practices in place, or that notification of the Incident occurred in a timely manner. GEICO denies the material allegations of the claims.

The Related Actions are all proposed national class actions.  All of the Related Actions allege substantively similar proposed national classes of individuals that may have been impacted by the Incident.[5]

## ARGUMENT

The Related Actions all name one or more of the moving GEICO entities as defendants. There is also substantial overlap between the alleged causes of action. Each of the Related Actions alleges at least one of the following claims, among others: negligence, breach of express contract, and breach of implied contract.  And even as to those alleged causes of action arising under New York or California law, the allegations as to GEICO's alleged conduct as a basis of liability are the same. Each action also prays for similar relief including damages, declaratory and injunctive relief, and attorneys' fees.

The Related Actions involve common issues of fact, that are alleged to be sufficiently numerous and complex, so that centralization will promote the convenience of the parties and

---

[5] *See Mirvis, ECF No. 1* ¶ 41("The Nationwide Class is defined as follows: All individuals residing in the United States whose PII was compromised in the date breach initially disclosed by GEICO on or about April 9, 2020 [sic]); *Vennerholm,* ECF No. 1, ¶ 42 ("Nationwide Class: All individuals residing in the United States whose personal or financial information was accessed, compromised or stolen in the Data Breach."; *Connelly* ECF No.1 ¶ 55 ("All individuals residing in the United States whose PII was compromised as a result of the Data Disclosure initially disclosed by GEICO on or about April 9, 2020 [sic]); *Viscardi* ECF No.1 ¶ 59 ("Nationwide Class: All residents of the United States whose personally identifiable information was compromised in the GCIO Data Breach occurring in or around November 24, 2020 – March 1, 2021"); *Brody* ECF No. 1 ¶ 88. ("The Nationwide Class is defined as follows: All individuals residing in the United States whose PII was compromised in the Data Breach initially disclosed by GEICO in or about April 2021.).

witnesses and the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407. Transfer and centralization will further mitigate the possibility of inconsistent rulings, including rulings regarding class certification, and will promote judicial economy by providing a single forum to which possible future tag-along actions can be transferred.

Additionally, Plaintiffs in *Brody, Viscardi* and *Mirvis* have indicated their consent and approval for MDL transfer and centralization of the Related Actions to the Eastern District of New York. They have further advised that Plaintiffs' counsel in the Related Actions have consulted with each other, but are unable to reach a consensus as to an acceptable method to achieve coordinated handling of the Related Actions, making MDL transfer and centralization the only practical means to achieve the benefits of consolidation.   Accordingly, GEICO respectfully requests transfer to the Eastern District of New York, the most favorable district for centralization.

**A.    THE RELATED ACTIONS AND ANY TAG-ALONG ACTIONS ARE APPROPRIATE FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407(a)**

Transfer and centralization is permitted if civil actions pending in different districts "involv[e] one or more common questions of fact" and this Panel determines that transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Manual for Complex Litigation,* § 20.131 (4th ed. 2004). Transfer and centralization for pretrial proceedings would achieve those objectives in this litigation, and therefore are appropriate.

**1. The Actions Involve Common, Numerous, and Complex Questions of Fact**

The Related Actions involve overlapping factual issues in dispute, overlapping class definitions (thus involving a risk of conflicting rulings), and common defendants, GEICO. The Related Actions are based upon identical alleged facts concerning identical alleged conduct by GEICO.

The proposed factual questions common to the Related Actions are numerous and complex, including:

- Whether GEICO took reasonable steps and measures to safeguard Plaintiffs' and/or proposed class members' DLN;

- Whether GEICO violated common and statutory law by allegedly failing to implement reasonable security procedures and practices;

- Whether GEICO violated common and statutory law by allegedly failing to promptly notify Plaintiffs and/or proposed class members that their DLN had been compromised;

- Whether GEICO breached various alleged express and implied contracts with Plaintiffs and/or proposed class members;

- Whether Plaintiffs are entitled to a judgment declaring that alleged practices are unlawful;

- Whether GEICO is liable for damages, and the proper measure of such damages;

- Whether GEICO owed a duty of care to Plaintiffs and/or proposed class members with respect to the security of their DLN;

- Whether Plaintiffs and proposed class members are entitled to civil penalties, punitive damages, and/or injunctive relief.

- Whether Plaintiffs and/or proposed class members have standing to assert the alleged claims; and

- Whether the alleged claims are proper for class treatment.

Each of the Related Actions concern the same Incident and the same alleged conduct. Each Related Action further arises from substantially the same events, and involves substantially similar proposed classes. *See In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d 1357, 1358 (J.P.M.L. 2016) (citing *In re: Auto Body Shop Antitrust Litig.*, 37 F.Supp.3d 1388, 1390 (J.P.M.L.2014)) (holding that "[s]ection 1407 does not require a complete identity of factual issues or parties as a prerequisite to transfer, and "the presence of ... differing legal theories is not significant where, as here, the actions still arise from a common factual core.").

The allegations in the Related Actions further involve common factual questions arising from hackers, using personal information obtained from other sources to impersonate individuals on GEICO's online sales system, gaining unauthorized access to DLN's. *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019) ("The factual overlap among these actions is substantial, as they all arise from the same data breach, and they all allege that Marriott failed to put in to place reasonable data protections."); *In re Sonic Corp. Customer Data Sec. Breach Litig.*, 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017). ("The factual overlap among these actions is substantial, as they all arise from the same data breach, and all allege that Sonic failed to put in place reasonable data protections. All actions allege similar claims, including for negligence."); *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d 1357, 1358 (J.P.M.L. 2016) ("Here, all actions stem from the same data breach, and we are persuaded that discovery concerning the breach, how and when it was identified, what security measures 21st Century had in place for securing patient data, and what steps it took after discovery of the breach will be common among the Florida and California actions and is likely to be complex and time-consuming.").

6

The Related Actions will require complex discovery (most likely involving expert testimony) to determine the scope of the Incident and whether GEICO took reasonable measures to ensure their online systems were protected.  The Related Actions will similarly require complex discovery as to whether GEICO should have taken additional steps to prevent and stop the Incident from ever happening, and whether GEICO disclosed the Incident to those affected in a timely manner.  *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353, 1354 (J.P.M.L. 2016) (granting a MDL application and holding that "[c]ommon factual questions are presented with respect to Yahoo's practices in safeguarding its users' personal information, the investigation into the breach, the alleged delay in disclosing the breach, and the nature of the alleged damages. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.").

The underlying factual similarities, questions in dispute, and likely required discovery in the Related Actions make transfer and centralization appropriate.

### 2. MDL Transfer and Centralization Will Further the Convenience of the Parties and the Witnesses and Will Promote the Just and Efficient Conduct of the Related Actions

Resolution of these common issues in a single forum would further the convenience of all parties and witnesses. *See* 28 U.S.C. § 1407(a). Because the Related Actions involve similar allegations and factual questions, the plaintiffs in the Related Actions will require depositions of the same persons and discovery of the same documents. Defendants will likely raise the same discovery objections and seek the same protective orders or privileges in each case. Absent centralization and transfer, all parties will be subjected to duplicative discovery and witnesses will face multiple, redundant depositions. *See In re: Lumber Liquidators Chinese-Manufactured*

*Flooring Products Mktg., Sales Practices and Products Liability Litig.,* 109 F. Supp. 3d 1382, 1383 (J.P.M.L. 2015) ("Centralization will eliminate duplicative discovery . . . ."); *In re Uranium Indus. Antitrust Litig.,* 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious."); *In re Sonic Corp. Customer Data Sec. Breach Litig.,* 276 F. Supp. 3d 1382, 1383 (J.P.M.L. 2017) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on class certification and other issues; and conserve the resources of the parties, their counsel, and the judiciary.").

Centralization will mitigate these problems by enabling a single judge to manage discovery and the parties to coordinate their efforts. This will reduce litigation costs and minimize inconvenience to the parties and witnesses, to the benefit of litigants, third parties, and the courts. *See In re Enfamil Lipil Mktg. and Sales Practices Litig.,* 764 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011) ("Centralizing the actions will allow for the efficient resolution of common issues and prevent unnecessary or duplicative pretrial burdens from being placed on the common parties and witnesses."); *In re: Lumber Liquidators Chinese-Manufactured Flooring Products Mktg., Sales Practices and Products Liability Litig.,* 109 F. Supp. 3d at 1383 ("Centralization will . . . conserve the resources of the parties, their counsel and the judiciary.").

Additionally, many of the same pretrial disputes are likely to arise in each action. Likewise, due to the similar causes of action in each complaint, Defendants will likely assert the same defenses, as well as file motions to dismiss and/or summary judgment motions on the same claims based on the same arguments in each action. Centralization is therefore necessary to prevent inconsistent pretrial rulings on many central issues, which would present significant

problems due to the substantial consistency in factual and legal allegations among all Related Actions. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Products Mktg., Sales Practices and Products Liability Litig.,* 109 F. Supp. 3d at 1383 ("Centralization will . . . avoid inconsistent pretrial rulings (including on issues of class certification and *Daubert* motion practice) . . . .").

In addition, the pending Related Actions plus any tag-along cases that may be filed are sufficiently numerous (five) and geographically diverse (in three districts). The Related Actions span from the Southern District of California to the Eastern District of New York and the District of Maryland.

Moreover, Plaintiffs in the Related Actions are separately represented by 17 attorneys across eight different law firms. Plaintiffs in *Connelly, Brody, Viscardi* and *Mirvis* have indicated their consent and approval for MDL transfer. Plaintiffs in *Brody, Viscardi and Mirvis* agree with GEICO that centralization of the Related Actions in the Eastern District of New York, where those actions were initiated and where the majority of potentially impacted persons are located, is appropriate. Centralization of the Related Actions will therefore promote the just and efficient conduct of the cases.

By eliminating the risk of duplicative discovery and the corresponding risk of repetitive and inconsistent pretrial rulings, centralization will foster judicial economy and fairness. It will permit the Related Actions to be effectively and efficiently managed while conserving the resources of the parties, attorneys, and judicial system.

## B. THE EASTERN DISTRICT OF NEW YORK IS THE SUPERIOR AND OPTIMAL TRANSFERREE FORUM

GEICO respectfully submits that the Eastern District of New York is the superior forum for the centralized action. In choosing an appropriate forum, this Panel considers: (1) where the

largest number of cases are pending; (2) where discovery has occurred; (3) where cases have progressed furthest; (4) the site of the occurrence of the common facts; (5) where the cost and inconvenience will be minimized; and (6) the experience, skill, and caseloads of available judges. *Manual for Complex Litigation*, § 20.132 (4th ed. 2004).

In light of these criteria and as further discussed below, the Eastern District of New York is the most appropriate forum for the transfer and centralization of the Related Actions. The first, third, fourth, fifth and sixth factors weigh heavily in favor of the Eastern District of New York. This preferred jurisdiction further has a judiciary well experienced with multidistrict litigation. Judge Matsumoto, who is currently the judge assigned to three of the five pending Related Actions, would be an excellent choice to preside over this litigation as a consolidated multidistrict proceeding.

Considering the six factors in order, as stated above, the first factor weighs heavily in favor of the Eastern District of New York. Three of the five Related Actions are pending in this forum.[6] Moreover, the first-filed case – *Mirvis* – is pending in the Eastern District of New York. The other two proposed class actions pending in the Eastern District are also pending before

---

[6] *See In re Med. Informatics Eng'g, Inc., Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1381, 1382 (J.P.M.L. 2015) ("We conclude that the Northern District of Indiana is the appropriate transferee district for this litigation. The majority of the actions are pending in that district, and numerous plaintiffs support centralization there. The center of gravity of this litigation is located in the Northern District of Indiana, …where many of the healthcare providers (and individuals) affected by the data breach are located."); *In re: Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 870 F. Supp. 2d 1380, 1381 (J.P.M.L. 2012) (We conclude that the District of District of Columbia is an appropriate transferee district for pretrial proceedings in this litigation. Five of the eight actions, including the first-filed action, are pending in that district." At bar, not only were the vast majority of potentially impacted individuals located in New York, but insurers like the GEICO entities that are defendants in the Related Actions are regulated by New York's Department of Financial Services.

Judge Matsumoto.  Only one case is pending in the District of Maryland[7] and the last remaining case is pending in the Southern District of California.

The second factor is not relevant here because each of the cases are in their early stages, no discovery has occurred, no dispositive motions are currently pending, and no action has progressed materially further than any of the other actions with respect to discovery.

The third factor also favors the Eastern District of New York. The *Mirvis, Brody, and Viscardi* actions, pending in the Eastern District of New York, are the only cases where litigation activity has occurred. Judge Matsumoto conducted an initial conference in *Mirvis,* and BHI was subsequently voluntarily dismissed in *Mirvis on* May 30, 2021 and in *Brody* on June 8, 2021.

Thereafter, consistent with local practice and Judge Matsumoto's individual rules, on June 11, 2021, GEICO filed individual letters in each of the New York Actions to request a stay of each action pending determination of this MDL application. Judge Matsumoto ordered that plaintiffs respond to GEICO's stay request in advance of a pre-motion conference on June 24, 2021. In response, plaintiffs' counsel in each New York Action expressed support for coordination of the Related Actions and consented to the stay of the New York Actions pending determination of this MDL application.

At the Court's June 24, 2021 pre-motion conference, the unsuccessful efforts by plaintiffs' counsel to seek unanimity to informally coordinate all of the Related Actions were discussed.  As a result of their lack of success, plaintiffs' counsel in the three New York Actions confirmed that they support the transfer and centralization sought in this application. Judge

---

[7] GEICO alternatively seeks to have the Related Cases consolidated and transferred to the District of Maryland, which encompasses the location of GEICO's principal place of business and will therefore provide an alternative convenient forum for potential witnesses with knowledge of the Incident.

Matsumoto therefore granted the stay of the New York Actions, on consent, and directed GEICO to file this application no later than July 6, 2021, which it has now done.

At the same time, Judge Matsumoto inquired about the projected course of the class action litigation and next steps, including the potential timeline for determination of this application by the Panel, the plaintiffs' proposed motion for appointment of interim class counsel, and filing of an amended consolidated class complaint and GEICO's anticipated response to the amended pleading. Conversely, at this time, no substantive activity has occurred in the Maryland and California actions, other than GEICO's stipulated extension to respond to the Complaint in the California action.  GEICO anticipates similarly seeking a stay in those actions pending determination of this application.

The fourth factor also weighs heavily in favor of the Eastern District of New York. The great majority of the individuals potentially impacted by the Incident are located in New York. As set forth above, approximately 85% of those individuals that were potentially impacted are in New York.

For similar reasons, the fifth factor also weighs heavily in favor of the Eastern District of New York.  Given that three of the Related Actions were filed by individuals alleged to be residents of New York, the proposed class representatives and many of Plaintiff's potential witnesses are presumed to be located in or near the New York area. Thus, fact discovery relating to common questions and issues arising from the Incident will therefore likely predominately occur in New York.

As to the sixth factor, the MDL docket in the Eastern District of New York combines a relative lack of congestion with judges well experienced in managing multidistrict litigation. Specifically, Judge Matsumoto, who currently presides over all of the pending Eastern District of

New York cases, would be well suited to preside over this litigation and has the capacity to handle these cases. Judge Matsumoto expressed her availability and willingness to preside over the three Related Actions pending in the Eastern District when she encouraged one of the matters, that had not been originally assigned to her, to be transferred to her as a related matter. Her apparent interest in continued management of these cases was likewise demonstrated by her questions during the June 24, 2021 conference regarding the timeline and progression of the Related Actions after this application is decided.

When considered together, these factors heavily support transfer and centralization in the Eastern District of New York.

## CONCLUSION

For the foregoing reasons, GEICO respectfully requests that the Related Actions, and any subsequent tag-along cases involving similar claims, all be transferred to the United States District Court for the Eastern District of New York for consolidated or coordinated pretrial proceedings before the Honorable Kiyo A. Matsumoto pursuant to 28 U.S.C. § 1407. GEICO alternatively seeks to have the Related Actions consolidated and transferred to the District of Maryland, which encompasses the location of GEICO's principal place of business and will therefore provide an alternative convenient forum for potential witnesses with knowledge of the Incident.

Dated:   June 29, 2021

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino
Kristen L. Wenger
Smith, Gambrell & Russell, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6104  (telephone)
(904) 598-6200 (facsimile)
jmarino@sgrlaw.com
kwenger@sgrlaw.com

Shari Lewis
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11550
(516) 357-3000 (telephone)
(516) 357-3333 (facsimile)
shari.lewis@rivkin.com

*Attorneys for Government Employees Insurance
Company, GEICO Indemnity Company, GEICO
Casualty Company and GEICO General
Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify the following:

I am an attorney with law firm Smith, Gambrell & Russell, LLP, 50 N. Laura Street, Suite 2600 Jacksonville, FL 32202, counsel of record for Movants/Defendants.

On June 29, in compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I caused to be served via electronic mail a true and correct copy of the foregoing Motion for Transfer and Supporting Memorandum of Law on the parties and their counsel identified on the Proof of Service annexed as Attachment 3.

I further certify that a true and correct copy of the foregoing Motion for Transfer and Supporting Memorandum of Law is further being provided to the United States District Courts presiding over each of the cases identified on the Schedule of Actions via electronic filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   June 29, 2021                     Respectfully submitted,
         Jacksonville, FL

                                           */s/ John P. Marino*
                                           John P. Marino
                                           Kristen Wenger
                                           Smith, Gambrell & Russell, LLP
                                           50 N. Laura Street, Suite 2600
                                           Jacksonville, FL 32202
                                           (904) 598-6104  (telephone)
                                           (904) 598-6200 (facsimile)
                                           jmarino@sgrlaw.com
                                           kwenger@sgrlaw.com

                                           Shari Lewis
                                           Rivkin Radler LLP
                                           926 RXR Plaza
                                           Uniondale, New York 11550
                                           (516) 357-3000 (telephone)
                                           (516) 357-3333 (facsimile)
                                           shari.lewis@rivkin.com

                                           *Attorneys for Government Employees Insurance*
                                           *Company, GEICO Indemnity Company, GEICO*
                                           *Casualty Company and GEICO General*
                                           *Insurance Company*

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: GEICO DATA  BREACH LITIGATION

MDL No. _____

### Schedule of Actions

|  | Plaintiffs | Defendants | District | Civil Action No. | Judge |
|---|---|---|---|---|---|
| 1. | Michael Viscardi, individually and on behalf of all others similarly situated | Government Employees Insurance Company dba GEICO, GEICO Casualty Company, and GEICO General Insurance Company | United States District Court Eastern District of New York | 2:21-CV-2540 | The Honorable Kiyo A. Matsumoto |
| 2. | Raquel Brody, individually and on behalf of all others similarly situated | Berkshire Hathaway, Inc. and Government Employees Insurance Company | United States District Court Eastern District of New York | 1:21-CV-2481 | The Honorable Kiyo A. Matsumoto |
| 3. | Alexander Mirvis, Betty Butler, and Lainie Froehlich, individually and on behalf of others similarly situated | Berkshire Hathaway, Inc. and Government Employee Insurance Company (GEICO) | United States District Court Eastern District of New York | 1:21-CV-2210 | The Honorable Kiyo A. Matsumoto |
| 4. | Mark Edward Vennerholm II, Reanna Ann Vennerholm, individually and on behalf of a class similarly situated individuals | GEICO Casualty Company, GEICO Indemnity Company, GEICO General Insurance Company, Government Employees Insurance Company | United States District Court Southern District of California | 3:21-CV-806 | The Honorable Gonzalo P. Curiel |
| 5. | Ryan Connelly, Belen Perez, individually and on behalf of others similarly situated | Berkshire Hathaway, Inc. and Government Employee Insurance Company (GEICO), GEICO Casualty Company, GEICO Indemnity Company, GEICO General Insurance Company | United States District Court, District of Maryland Southern Division | 8:21-CV-1152 | The Honorable Theodore D. Chuang |

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: GEICO DATA BREACH LITIGATION | MDL No. _____ |

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing Motion to Transfer and Centralize Related Actions for Consolidation or Coordination of Pretrial Proceedings Pursuant to 28. U.S.C. § 1407 and Memorandum in Support of Defendant/Movants' Motion to Transfer and Centralize Related Actions for Consolidation or Coordination of Pretrial Proceedings Pursuant to 28. U.S.C. § 1407 were all served on the parties in the following cases via Electric and First Class Mail, or as indicated below, on June 29, 2021.

| CLERKS OF COURT<br>Served via First Class Mail | |
|---|---|
| Clerk of Court<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | Clerk of Court<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF MARYLAND<br>SOUTHERN DIVISION<br>6500 Cherrywood Lane<br>Greenbelt, MD 20770 |
| Clerk of Court<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 | |

| COUNSEL |
|---|
| **Served via First Class Mail & E-mail** |
| Viscardi v. Government Employees Insurance Company, et al. |
| Eastern District of New York Case No. 2:21-cv-02540-KAM-RLM |

| | |
|---|---|
| Andrew W. Ferich<br>AHDOOT & WOLFSON, PC<br>201 King of Prussia Road<br>Suite 650<br>Radnor, PA 19087<br>aferich@ahdootwolfson.com<br><br><br>*Attorneys for Plaintiff*<br>*Michael Viscardi,*<br>*individually and on behalf of all others*<br>*similarly situated* | Christopher Stiner<br>Robert Ahdoot<br>Tina Wolfson<br>AHDOOT & WOLFSON, PC<br>2600 West Olive Avenue<br>Suite 500<br>Burbank, CA 91505<br>cstiner@ahdootwolfson.com<br>rahdoot@ahdootwolfson.com<br>twolfson@ahdootwolfson.com<br><br>*Attorneys for Plaintiff*<br>*Michael Viscardi,*<br>*individually and on behalf of all others*<br>*similarly situated* |
| Gary S. Graifman<br>Melissa Robin Emert<br>KANTROWITZ, GOLDHAMER &<br>  GRAIFMAN, P.C.<br>747 Chestnut Ridge Road<br>Suite 200<br>Chestnut Ridge, NY 10977<br>ggraifman@kgglaw.com<br>memert@kgglaw.com<br><br>*Attorneys for Interested Party*<br>*Raquel Brody* | |

2

| **COUNSEL** |
| --- |
| **Served via First Class Mail & E-mail** |
| Brody v. Berkshire Hathaway, Inc., et al. |
| Eastern District of New York Case No. 1:21-cv-02481-KAM-RML |

Gary S. Graifman
Melissa Robin Emert
KANTROWITZ, GOLDHAMER &
  GRAIFMAN, P.C.
747 Chestnut Ridge Road
Suite 200
Chestnut Ridge, NY 10977
ggraifman@kgglaw.com
memert@kgglaw.com

*Attorneys for Plaintiff*
*Raquel Brody*

| **COUNSEL** | |
| --- | --- |
| **Served via First Class Mail & E-mail** | |
| Mirvis, et al., v. Berkshire Hathaway, Inc. et al. | |
| Eastern District of New York Case No. 1:21-cv-02210-KAM-RLM | |

| | |
| --- | --- |
| Marc J. Held | Gary S. Graifman |
| Philip M. Hines | Melissa Robin Emert |
| HELD & HINES, LLP | KANTROWITZ, GOLDHAMER & |
| 2004 Ralph Avenue |   GRAIFMAN, P.C. |
| Brooklyn, NY 11234 | 747 Chestnut Ridge Road |
| marcheldesq@gmail.com | Suite 200 |
| phines@heldhines.com | Chestnut Ridge, NY 10977 |
| | ggraifman@kgglaw.com |
| | memert@kgglaw.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Interested Party* |
| *Alexander Mirvis, Betty Butler, and* | *Raquel Brody* |
| *Lainie Froelich, individually and* | |
| *on behalf of others similarly situated* | |

3

| **COUNSEL**<br>**Served via First Class Mail & E-mail**<br>Vennerholm II, et al., v. GEICO Casualty Company, et al.<br>Southern District of California Case No. 3:21-cv-00806-GPC-BLM | |
|---|---|
| Andrew D. Stolper<br>FRANK SIMS STOLPER LLP<br>19800 MacArthur Boulevard<br>Suite 855<br>Irvine, CA 92612<br>astolper@lawfss.com<br><br><br>*Attorneys for Plaintiffs*<br>*Mark Edward Vennerholm II, Reanna Ann*<br>*Vennerholm, individually and on behalf of a*<br>*class similarly situated individuals* | Brian James Hanlin<br>Franklin D. Azar<br>Michael D. Murphy, III<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>hanlinb@fdazar.com<br>azarf@fdazar.com<br>murphym@fdazar.com<br><br>*Attorneys for Plaintiffs*<br>*Mark Edward Vennerholm II, Reanna Ann*<br>*Vennerholm, individually and on behalf of a*<br>*class similarly situated individuals* |

| **COUNSEL**<br>**Served via First Class Mail & E-mail**<br>Connelly, et al., v. Berkshire Hathaway, Inc., et al.<br>District of Maryland Case No. 8:21-cv-01152-TDC | |
|---|---|
| Kristi Cahoon Kelly<br>KELLY GUZZO PLC<br>3925 Chain Bridge Road<br>Suite 202<br>Fairfax, VA 22030<br>kkelly@kellyguzzo.com<br><br><br>*Attorneys for Plaintiffs*<br>*Ryan Connelly, Belen Perez,*<br>*individually and on behalf of*<br>*others similarly situated* | Karen Hanson Riebel<br>Kate M. Baxter-Kauf<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>khriebel@locklaw.com<br>kmbaxter-kauf@locklaw.com<br><br>*Attorneys for Plaintiffs*<br>*Ryan Connelly, Belen Perez,*<br>*individually and on behalf of*<br>*others similarly situated* |

Dated:   June 29, 2021
   Jacksonville, FL

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino
Kristen Wenger
Smith, Gambrell & Russell, LLP
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6104  (telephone)
(904) 598-6200 (facsimile)
jmarino@sgrlaw.com
kwenger@sgrlaw.com

Shari Lewis
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11550
(516) 357-3000 (telephone)
(516) 357-3333 (facsimile)
shari.lewis@rivkin.com

*Attorneys for Government Employees
Insurance Company, GEICO Indemnity
Company, GEICO Casualty Company and
GEICO General Insurance Company*